

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00125-CR
_____

NATHAN ONEAL DAVIS AKA
NATHAN ONIEL DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3612; Honorable Stuart Messer, Presiding

October 20, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

In May 2012, Appellant, Nathan Oneal Davis aka Nathan Oniel Davis, was granted deferred adjudication for burglary of a habitation.[1] He was placed on community supervision for eight years and assessed a $1,500 fine. His conditions of community supervision were subsequently amended to include treatments at a Substance Abuse Treatment Facility. In December 2013, the State moved to proceed

---

[1] TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Burglary of a habitation is a second degree felony. *See id.* at § 30.02(b)(2).

with an adjudication of guilt alleging various violations of the conditions of community supervision. At the hearing on the State's motion, Appellant entered a plea of true to all of the State's allegations, and after hearing testimony, the trial court found Appellant violated the conditions alleged by the State, adjudicated him guilty of the original charge and assessed punishment at confinement for eighteen years plus the fine of $1,500. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so[3] and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] This Court is aware of the decision in *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); however, this appeal was filed before *Kelly* was issued.

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

BACKGROUND

Appellant, married with two young children and diagnosed with bipolar disorder, was originally charged with burglarizing the apartment of a woman in her late sixties with intent to commit a sexual assault. Appellant was under the influence of methamphetamine and alcohol at the time of the offense. The Hall County Sheriff testified he received the initial call and interviewed the complainant. The Texas Rangers then took over the case. Appellant entered a guilty plea to burglary of a habitation in exchange for deferred adjudication.

Appellant spent time in the substance abuse treatment program ordered by the court, but once released, began abusing illegal substances again. The State eventually moved to proceed with an adjudication of guilt alleging, among other violations, Appellant's abuse of methamphetamine, marihuana, hydrocodone and alcohol. Appellant entered a plea of true to the State's allegations. During his testimony, Appellant admitted to having a drug problem and asked the trial court to consider an alternative to incarceration. The trial court rejected Appellant's request and admonished him that his choice of drugs was a "highly volatile mix," particularly considering his medical diagnosis of bipolar disorder.

By the *Anders* brief, counsel evaluates the sufficiency of the evidence, trial counsel's representation and the appropriateness of the sentence assessed. He then candidly concludes that no reversible error is presented.

STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no

plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.